IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN KANE,  :  | | |
|       Plaintiff  : | | No. 3:13-cv-02469 |
| : | | |
| v.  : | | (Judge Kane) |
| : | | |
| CAROLYN W. COLVIN,  : | | (Magistrate Judge Cohn) |
| Acting Commissioner of  : | | |
| Social Security,  : | | |
|       Defendant  : | | |
| : | | |

**MEMORANDUM**

Before the Court is the Report and Recommendation of Magistrate Judge Cohn recommending that the Court affirm the Social Security Commissioner's decision denying Plaintiff disability insurance benefits, and Plaintiff's objection thereto. (Doc. Nos. 21, 22, 23.) For the reasons that follow, the Court will adopt the Report and Recommendation and affirm the decision of the Social Security Commissioner.[1]

**I.   BACKGROUND**

On January 5, 2010, Plaintiff Susan Kane filed an application for social security disability insurance benefits and supplemental security income with the Social Security Administration ("SSA"). (See Doc. No. 15-2 at 11.) Following an initial denial of benefits, Plaintiff was granted a hearing before Administrative Law Judge ("ALJ") David Wrum on January 30, 2012. (See id. at 25-56.) The ultimate decision of the ALJ was, as Plaintiff

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1); M.D. Pa. L.R. 72.3.

describes it, "partially favorable." (Doc. No. 16 at 2.) Although the ALJ found that Plaintiff was entitled to supplemental security income, he also denied her disability insurance benefits. (Doc. No. 15-2 at 10-19.) The ALJ denied disability insurance benefits because in order to receive them, Plaintiff had to establish that she was disabled prior to her "last date insured," which was March 31, 2006; however, the ALJ found that Plaintiff's disability onset date was January 5, 2010. (Id.) Thereafter, Plaintiff timely sought SSA Appeals Council review, but on July 21, 2013, the Appeals Council denied the request for review. (Id. at 2-4.) Because the Appeals Council declined to review Plaintiff's claims, the decision of the ALJ is the final decision of the Commissioner and the SSA.

On September 27, 2013, Plaintiff filed the above-captioned action pursuant to 42 U.S.C. § 405(g) appealing the ALJ's decision. (Doc. No. 1.) In support of her appeal, Plaintiff emphasizes the "most profound evidence" of Plaintiff's disability: a July 2010 consultative examination by Dr. Cynthia Edwards-Hawver, evidence that Plaintiff contends should have been given more weight by the ALJ. (See Doc. No. 16 at 8-9.) On February 13, 2015, Magistrate Judge Cohn issued a Report and Recommendation in which he recommends that this Court affirm the Commissioner's decision, because substantial evidence supports the ALJ's findings; regarding Dr. Edwards-Hawver, Magistrate Judge Cohn found that her 2010 examination did not address Plaintiff's condition prior to March 31, 2006, the last date insured. (Doc. No. 21 at 21.) On March 2, 2015, Plaintiff filed timely objections to the Report and Recommendation, contending that the substantial evidence of record does not support the ALJ's findings. (Doc. Nos. 22, 23) Specifically, Plaintiff notes that there are "contradictions in the accepted relevant evidence" and the matter must "be remanded to clarify these contradictions." (Doc. No. 23 at

11.)

## II.   STANDARD OF REVIEW

A federal district court has plenary review of all legal issues decided by the SSA. Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 91 (3d Cir. 2007). However, review of the SSA's factual findings is much more deferential: any fact determination by the Commissioner need only be supported by "substantial evidence" in order to survive scrutiny. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). Substantial evidence is often defined as anything "more than a mere scintilla" of evidentiary support. See, e.g., Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (internal citation omitted). Substantial evidence exists "in relationship to all the other evidence in the record," and an ALJ has the responsibility of explaining his or her determinations such that subsequent courts may discern whether or not substantial evidence supports that determination. Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981).

To establish eligibility for disability benefits, a plaintiff must demonstrate a permanent or long term physical or mental impairment which precludes the plaintiff from earning more than a given regulatory threshold. 42 U.S.C. § 423(d)(1)(a); 20 C.F.R. §§ 404.1574, 416.974. SSA utilizes a five-step process when evaluating disability insurance claims. 20 C.F.R. § 404.1520; Poulos, 474 F.3d at 91-92. This process requires the Commissioner to consider, in sequence, whether a claimant (1) is currently earning above the regulatory threshold; (2) has an impairment that is severe or a combination of impairments that is severe; (3) is so severely impaired so as to qualify for a regulatory "listing," thereby expediting review; (4) retains the ability to perform any former vocation above the regulatory threshold; and, if not (5) whether the plaintiff can perform other substantial work in the national or regional economy. Id. For the purposes of this

evaluative process, the SSA determines the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis; this ability is known as the Residual Functional Capacity.  20 C.F.R. § 404.1546 et seq.; 20 C.F.R. § 416.945 et seq.  The residual functional capacity assessment must include a discussion of the individual's abilities.  Id.; 20 C.F.R. § 404.1545; see Hartranft v. Apfel, 181 F.3d 358, 359 n.1 (3d Cir. 1999) (noting that residual functional capacity is "defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s)").

### III. DISCUSSION

In his Report and Recommendation, Magistrate Judge Cohn recommends that the Court affirm the decision of the ALJ, as the ALJ's finding that Plaintiff's disability onset date was January 5, 2010 – and not earlier – is supported by substantial evidence.  (Doc. No. 21.) Plaintiff objects on the grounds that there are "contradictions in the accepted relevant evidence" regarding Plaintiff's psychiatric condition, and she requests that the case "be remanded to clarify these contradictions."  (Doc. No. 23.)

The Court agrees with Magistrate Judge Cohn that substantial evidence supports the ALJ's findings, and will overrule Plaintiff's objections.  In arguing that there are "contradictions" in the evidence that require remand, Plaintiff is essentially asking the Court to re-weigh the relevant medical evidence.  However, the Court will not do so, as the ALJ acts as the fact finder in making the disability determination.  See Plummer, 186 F.3d at 427 ("The substantial evidence standard is highly deferential, and is satisfied with 'more than a mere scintilla' of evidence.").

"When there is a conflict in the evidence, the ALJ is entitled to decide which evidence to

credit, but 'cannot reject evidence for no reason or the wrong reason.'" Douglass v. Astrue, No. 10-1152, 2010 WL 4910171, at *4 (E.D. Pa. Nov. 30, 2010) (quoting Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993)).  The ALJ weighed the relevant evidence and concluded Plaintiff's onset date was January 5, 2010.  As Magistrate Judge Cohn correctly noted, the standard for the Court is substantial evidence, defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  See Van Horn v. Schweiker, 717 F.2d 871, 874 (3d Cir. 1983) (quoting Richardson v. Perales, 402 U.S. 389 (1971)).

      The ALJ set forth the evidence that supported his finding of a January 2010 onset date (see Doc. No. 15-2 at 10-19), and the Court agrees with Magistrate Judge Cohn that substantial evidence supports the ALJ's finding.  In particular, the ALJ highlighted evidence that Plaintiff's condition was stable in 2009.  (Id. at 15-16.)  Plaintiff was being treated with Lexipro and Xanax, "with good results."  (Id. at 15.)  Plaintiff at that time – approximately September 2009 – also denied psychotic and manic symptoms.  (Id.)  The ALJ noted that Plaintiff had a Global Assessment of Functioning (GAF) score of 51, indicating "moderate symptoms" or "moderate difficulty in social, occupational, or school functioning."  (Id.)  In October 2009, Plaintiff indicated that things were "going well."  (Id. at 16.)  In December 2009, Dr. Satish K. Mallik "found the claimant without complaint, no problems from the holiday, and recovering from neck surgery."  (Id. at 16.)  He also noted no indication of dissociation during this period.  (Id.)  In explaining his finding, the ALJ applied these facts in conjunction with the testimony of medical expert Dr. Monnig, who testified at the hearing that the medical evidence indicated claimant was stable when on psychotropic medications.  (Id.)

      In deciding upon January 5, 2010 as Plaintiff's onset date, the ALJ pointed to strong

evidence of deterioration in Plaintiff's condition at that time, including increasing depression and anxiety, and a lower GAF score of 35 from July 2010. (Id. at 17.) The ALJ also noted that Plaintiff's medications were adjusted in June 2010 "in response to increased mood swings, agitation, irritability, being easily overwhelmed, and panic attacks." (Id.) The ALJ observed that this deterioration in Plaintiff's mental state "appears to correlate . . . with the documented onset of her physical impairments related particularly to her cervical spine." (Doc. No. 15-2 at 17.) The Court finds that this is a sufficient evidentiary basis for the ALJ's disability determination.[2] See Plummer, 186 F.3d at 427.

Additionally, the Court finds no error with the weight given to the examination of the consultative examiner, Dr. Edwards-Hawver, in determining that January 5, 2010 was Plaintiff's onset date. Dr. Edwards-Hawver expressly declined in her July 2010 examination to make any diagnoses concerning Plaintiff's earlier condition, i.e., Plaintiff's condition prior to Plaintiff's last insured date. (Doc. No. 15-8 at 81.) Although Plaintiff contends that Dr. Edwards-Hawver's "determination is [a] much closer match to those of treating sources . . . than that of the testimony of the medical expert" (Doc. No. 23 at 11), that finding is one for the ALJ, as fact-

---

[2] One specific contradiction highlighted by Plaintiff is that "the ALJ found . . . the medical expert testimony [by Dr. Monnig at the hearing] to stand for a determination of no disability prior to March 31, 2006, and then the consultative examiner determination [of Dr. Edwards-Hawver] for disability as of January 5, 2010." (Doc. No. 23at 11.) However, Plaintiff fails to establish that this requires remand. The ALJ "may properly accept some parts of the medical evidence and reject other parts, but she must consider all the evidence and give some reason for discounting the evidence she rejects." Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994). As discussed above, the ALJ set forth sufficient evidence supporting his finding of a January 5, 2010 onset date. Also, notably, Dr. Edwards-Hawver did not offer an opinion as to Plaintiff's condition prior to 2010.

finder to make; as the Court explained above, there was substantial evidence in the medical record to support the ALJ's onset date findings and his resolution of the conflicts in the medical evidence presented to the ALJ. Accordingly, the Court finds no reason to disturb those findings. An order consistent with this memorandum follows.